[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2006
THOMAS K. KAHN
CLERK

No. 06-10768
Non-Argument Calendar

_____

D.C. Docket No. 05-01037-CV-T-23-MAP

TAURUS PROPERTY VENTURES, LLC,

Plaintiff-Appellant,

versus

CITY OF PLANT CITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 30, 2006)**

Before ANDERSON, BIRCH and COX, Circuit Judges.

PER CURIAM:

Taurus Property Ventures, LLC, ("Taurus") sued the City of Plant City ("the

City"), alleging that the City's adult-use zoning ordinance was unconstitutional on

its face and that the ordinance had been applied unconstitutionally to deny Taurus a permit to operate a club that would offer "erotic/striptease dancing" and "sexually explicit materials for sale." After Taurus filed this lawsuit and moved for a preliminary injunction, the City amended the ordinance. The City then moved for dismissal of Taurus's lawsuit or, in the alternative, summary judgment on the grounds that Taurus's challenges were moot. A magistrate judge held a hearing on Taurus's motion for a preliminary injunction and the City's motion for dismissal or, in the alternative, summary judgment. The magistrate judge's findings and his recommendations (that Taurus's motion for preliminary injunction be denied, that the City's motion for dismissal be granted in part on the basis of mootness, and that Taurus's claims for damages be stayed until resolution of another case in this court) were adopted in their entirety by the district court. Taurus appeals.

This court has jurisdiction to consider the appeal of the denial of a preliminary injunction pursuant to 28 U.S.C. § 1292(1).

Taurus's argument that the amended ordinance is void *ab initio* is not supported by record evidence demonstrating that the process by which the ordinance was enacted was legally deficient. Therefore, Taurus's claims for equitable relief that seek a declaration that the old ordinance is unconstitutional and an injunction preventing the City from enforcing the old ordinance against Taurus or, in the

alternative, requiring the City to issue Taurus a permit under the old ordinance are moot.[1] *See Coral Springs Street Systems, Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004) ("'[w]hen a subsequent law brings the existing controversy to an end the case becomes moot and should be treated accordingly.'") (quoting *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1310 (11th Cir. 2000)).  We find no error in the district court's adoption of the magistrate judge's holding that no exceptions to the mootness doctrine apply because Taurus had no vested right to a permit under the old ordinance, as a result of either equitable estoppel or bad faith action on behalf of the City.  (*See* R.2-59 at 8-9; R.2-62.)  Thus, the district court properly dismissed as moot all claims for equitable relief under the old ordinance, and that dismissal is affirmed.

The district court stayed Taurus's suit for damages until release of this court's en banc opinion in *Tanner Advertising Group, LLC, v. Fayette County, Georgia*, – F.3d –, No. 04-13210 (11th Cir. June 9, 2006) (en banc).  *Tanner* has now been decided by the en banc court.  The case is remanded to the district court for further proceeding consistent with this opinion.

AFFIRMED AND REMANDED.

---

[1]This holding resolves the jurisdictional question that was carried with this case.